ZIMMERMAN (VIRGINIA v.). See Case No. 16,968.

---

## Case No. 18,214.
### ZINKEISEN v. HUFSCHMIDT.
[1 Cent. Law J. 144.] [1]

Circuit Court, E. D. Wisconsin. March, 1874.

REMOVAL OF CAUSES—AMOUNT IN DISPUTE.

[Where a suit is commenced by summons, and no complaint is filed showing the amount in dispute, defendant may, in a proper case, in his petition for removal, show that the amount in controversy exceeds $500, and thereby obtain a removal to the federal court; and, the jurisdiction of the latter court having attached, plaintiff cannot acquire a right to have the case returned to the state court by afterwards filing a complaint, stating the amount in dispute at less than $500.]

This action was brought in the state court to recover the value of a quantity of wheat. Upon the defendant's application, an order of removal to the circuit court of the United States was granted by Judge Small, of the state court. At the time he made the order, no pleading or writ was on file showing the amount in dispute, except the petition of the defendant, asking for the removal. After the order was granted, Zinkeisen & Co. filed a complaint in the state court, alleging the cause of action and claiming damages in a stated sum. In that complaint they obtained an order from Judge Small to show cause why the order made by him, removing the cause into the federal court, should not be

1 [Reprinted by permission.]

vacated and set aside. On hearing the order to show cause, Judge Small refused to vacate the order of removal. On the first day of the session of the United States circuit court after the order of removal, Hufschmidt brought into the court a certified copy of the papers filed in the state court, including the complaint filed after the order of removal was granted, and asked that said papers might be filed and the cause docketed in that court. The motion was argued before one of the judges of the United States district court, who denied it, holding that the complaint filed after the order of removal was conclusive as to the amount in dispute. A motion was then made before DRUMMOND, District Judge, to vacate and set aside the order made by the district judge, and that the cause be docketed, and after argument the order was set aside and the plaintiffs required to file a declaration. This settles a question of practice which has perplexed the profession in the state, and also settles that when the plaintiff chooses to commence suit by summons, and not file either his summons or complaint, the defendant, in a proper case for removal, may enter an appearance and show by petition that a suit has been commenced, and the amount claimed exceeds $500, and tender a proper bond, and thus secure a removal of his cause into a federal court; and when he has done this, it is not in the power of the plaintiff to destroy that right by filing a complaint in the state court reducing his damages below $500; and that, when a cause is once properly in a federal court, the plaintiff cannot then file a declaration laying his damages at less than $500, and cut off the jurisdiction. In other words, when the jurisdiction of the federal court has once attached, it cannot be taken away by any act of the plaintiff.